IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baron Sylvester Green, II,<br><br>        Petitioner,<br><br>vs.<br><br>Barry Larson, et al.,<br><br>        Respondent. | No. CV 10-005-TUC-RCC<br><br>**ORDER** |

On January 6, 2010 Petitioner filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). The Petition was fully briefed, and the Honorable Jacqueline J. Rateau, United States Magistrate Judge, filed a Report and Recommendation (Recommendation) in this action, which advised the Court to deny the Petition. (Doc. 29). The Recommendation advised the Court to dismiss the claims because they were either unexhausted or without merit. (Id.). Petitioner objects and argues the Recommendation erred as to all claims except Claims Five, Eight, and Nine. (Doc. 30). The Court will adopt the Recommendation and deny the Petition.

**I.   BACKGROUND**

Petitioner does not object to the Recommendation's summary of the relevant factual and procedural history. (Doc. 30).  The Court has reviewed this portion of the Recommendation for clear error and, finding none, adopts the Recommendation's summary

of the relevant factual and procedural history. See Advisory Committee Notes to Fed.R.Civ.P. 72 (citing Campbell v. United States District Court, 501 F.2d 196, 206 (9th Cir.1974)).

## II.     STANDARD FOR HABEAS RELIEF

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" clearly established precedent if the state court applies a rule that contradicts governing law set forth by the Supreme Court or if the state court arrives at a result different from Supreme Court precedent on materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). In characterizing claims subject to analysis under the "contrary to" prong, the Court has observed that "a run-of-the-mill state-court decision applying the correct legal rule to the facts of the prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Id. at 406; Lambert v. Blodgett, 393 F.3d 943, 974 (9th Cir. 2004).

Under the "unreasonable application" prong, a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular...case" or "unreasonably extends a legal precedent from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 529 U.S. at 407. The "unreasonable application" clause requires a state court decision to be more than incorrect or erroneous; the state court's application of federal law must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166 (2003) (citing Williams, 529 U.S. at 409-12).

Under the standard set for in § 2254(d)(2), habeas relief is available only if the state court decision was based on an unreasonable determination of the facts. Miller-El v. Dretke, 545 U.S. 231, 240, 125 S.Ct. 2317 (2005) (Miller-El II).  A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029 (2003) (Miller-El I); see Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004).  In considering a challenge under § 2254(d)(2), state court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Miller-El II, 545 U.S. at 240.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. **Strickland Standard**

Claims of ineffective assistance of counsel are governed by the principles set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail under Strickland, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficiency prejudiced the defense. Id. at 687-88.

The inquiry under Strickland is highly deferential and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689; see Wong v. Belmontes, 130 S.Ct. 383, 384 (2009) (per curiam); Bobby v. Van Hook, 130 S.Ct. 13, 16 (2009) (per curiam). Thus, to satisfy Strickland's first prong, a defendant must overcome "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." 466 U.S. at 689.  With respect to Strickland's second prong, a petitioner must affirmatively prove prejudice by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

- 3 -

**B.     Claim One**

In his petition for post-conviction relief (PCR), Petitioner argued trial counsel was ineffective for failing to secure the testimony of five witnesses who would have testified, to varying degrees, to Olden's confession. (Doc. 17-4 at 17-20). The PCR court ruled trial counsel was not ineffective for failing to call these witnesses because the decision was tactical. (Doc. 1 at 30).

Petitioner re-alleges this same claim now, (Doc. 1 at 3; Doc. 2 at 8-12), and the Recommendation found the PCR court's decision was not unreasonable. (Doc. 29 at 16-19). In his objections to the Recommendation, Petitioner argues the Recommendation mischaracterizes the potential testimony from the five witnesses, ignores the cumulative effect the witnesses' statements would have had, and does not analyze whether Olden's confessions were statements against interest and excepted from the hearsay rules. (Doc. 30 at 2-8).

The Court finds these objections unpersuasive. The question here is whether the PCR court was unreasonable in determining that trial counsel employed a reasonable strategy in deciding not to call the five witnesses. Based on the record, that determination was not unreasonable. Petitioner has not demonstrated ineffectiveness of counsel as to Claim One.

**C.     Claim Two**

At trial, Petitioner's counsel attempted to introduce the testimony of Ron Perkins. (Petition Ex. B at 8::14-15:21).[1] Ron Perkins would have testified that Reynaldo Olden told him that Olden and Monte Jenkins shot the victims. (Id.). After Perkins invoked his Fifth Amendment rights, the trial court found him unavailable as a witness and also precluded introduction of his free talk. (Petition Ex. C at 3:3-5:15; 108:13-114:4).

In his petition for post-conviction review (PCR), Petitioner alleged his trial counsel was ineffective for failing to (1) provide the details of Ron Perkins's proposed testimony to

---

[1] Citation is to the page numbers on the transcript originals and not to the page numbers assigned by CM/ECF.

- 4 -

1 the court, (2) tell the court that five independent witnesses could corroborate Perkins'
2 testimony, (3) argue Perkins could not invoke his Fifth Amendment rights because he had
3 no reason to apprehend prosecution as a result of his testimony, (4) seek use immunity for
4 Perkins's testimony, and (5) seek admission of the free talk transcript through a hearsay
5 exception. (Doc. 17-4 at 6-16). The PCR court ruled Petitioner's claims failed both prongs
6 of the Strickland test. (Doc. 1 at 28). Petitioner's counsel's performance was not deficient
7 because deciding not to re-argue his position after the trial court had already made its
8 decision was reasonable. (Id.). Even if counsel's performance were deficient, it was not
9 prejudicial because Perkins's weak testimony was directly contradicted by the eye witness
10 testimony of one victim. (Id. at 29). Finally, the PCR court ruled the free talk was
11 inadmissible as hearsay, so trial counsel's failure to argue for its admission was neither
12 deficient nor prejudicial. (Id.).

13 Petitioner re-alleges these same claims now in Claim Two of the Petition. (Doc. 1 at
14 4; Doc. 2 at 12-21). The Recommendation found the PCR court's decision was not
15 unreasonable. (Doc. 29 at 10-16). In his objections to the Recommendation, Petitioner again
16 argues Perkins was not entitled to invoke his Fifth Amendment rights and, if he was, he
17 should have been granted use immunity. (Doc. 30 at 8-9).

18 These objections only relate to whether trial counsel's performance was deficient for
19 failing to more forcibly argue these issues. The problem remains that Petitioner's inability
20 to call Perkins as a witness or introduce his free talk did not prejudice him. As the PCR court
21 noted, Perkins would only be able to testify that Olden and Jenkins were present at the
22 shooting but could not testify as to whether Petitioner's was present. This evidence pales in
23 comparison to a victim's testimony that Petitioner was in the room and held a gun.

24 Because failure to introduce Perkins's testimony or free talk was not prejudicial, the
25 Court finds Petitioner has not demonstrated ineffective assistance of counsel as to Claim
26 Two.

27
28

- 5 -

### D. Claim Four

In his PCR, Petitioner argued trial counsel was ineffective because he failed to (1) make an adequate pretrial investigation, (2) ask certain questions in voir dire, (3) make an adequate opening statement or closing argument, (4) impeach Ron Otteson's testimony based on his admitted drug use, (5) instruct a defense witness how to dress for court, (6) effectively cross-exam a victim, (7) suppress Petitioner's statement, or (8) request certain jury instructions. (Doc. 17-4 at 20-25). The PCR court ruled Petitioner's allegations did not amount to ineffective assistance of counsel because he could not demonstrate substantial prejudice or lack of strategy. (Doc. 1 at 31).

Petitioner re-alleges these claims in Claim Four of the Petition. (Doc. 1 at 6; Doc. 2 at 23-27). The Recommendation found the PCR court's decision was not unreasonable and, after de novo review, that Petitioner's statement was voluntary. (Doc. 29 at 22-26). In his objections to the Recommendation, Petitioner argues the Recommendation did not properly analyze the record but fails to give any specific examples or argument. Therefore, the Court finds Petitioner has not objected to this portion of the Recommendation. Finding no clear error, the Court adopts the Recommendation as to this claim. See Advisory Committee Notes to Fed.R.Civ.P. 72 (citing Campbell, 501 F.2d at 206).

## IV. CLAIM THREE

At trial, Monte Jenkins invoked his Fifth Amendment rights. (Petitioner Ex. B at 3:11-7:25). As a result, Petitioner moved to admit a letter Jenkins wrote claiming the Petitioner left before the shooting began. (Petition Ex. C at 105:2-108:3). The trial court concluded the letter was not a statement against interest and denied the motion. (Id.) Petitioner appealed the ruling, but the Arizona Court of Appeals upheld the trial court's decision because the letter did not clearly place Jenkins at the shooting. (Doc. 17-1). The Arizona Court of Appeals also found that preclusion of the letter did not violate Petitioner's right to present a defense. (Id.).

Petitioner now claims now that it violated his right to present a defense. (Doc. 1 at 5; Doc. 2 at 21-22). The Recommendation found the letter was reasonably interpreted as not

being against Jenkins's interest. (Doc. 29 at 19-22). In his objections to the Recommendation, Petitioner argues Jenkins's statement that Petitioner left before the shooting began requires the inference that Jenkins was present at the shooting, which would be inculpatory. (Doc. 30 at 10). The Court disagrees. The inference is not unavoidable, and Jenkins's letter was not sufficiently explicit to qualify as a statement against interest. The Court will adopt the Recommendation as to this claim.

## V.  CLAIMS SIX & SEVEN

In Claims Six and Seven, Petitioner alleges due process violations as a result of the PCR court's refusal to hold an evidentiary hearing or allow discovery. (Doc. 1 at 8-9; Doc. 2 at 28-29). The Recommendation found these claims were not exhausted because they were presented only as state law claims to the Arizona Court of Appeals. (Doc. 29 at 5-7). In his objections to the Recommendation, Petitioner argues his citation to federal authority in his appeal of these issues is sufficient to exhaust the claims. (Doc. 30 at 12). Simply citing to federal authority is not sufficient to raise a claim for exhaustion purposes. See Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000); Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005). Accordingly, the Court adopts the Recommendation as to this issue.

## VI.  REMAINING CLAIMS & MOTIONS

Petitioner has not objected to the Recommendation's findings regarding Claims Five, Eight, and Nine. (Doc. 30). The Court has reviewed these portions of the Recommendation for clear error and, finding none, adopts them. See Advisory Committee Notes to Fed.R.Civ.P. 72 (citing Campbell, 501 F.2d at 206).

Within his objections, Petitioner also moved for an extension of time to file supplemental objections and for discovery and an evidentiary hearing. The Court will not extend the time for objections because Petitioner had adequate time to prepare his objections and offers no specific reason why the time allotted was not sufficient. The Court will deny the motion for discovery and an evidentiary hearing because the Court has determined that the Petition is without merit.

**VII. CERTIFICATE OF APPEALABILITY**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] substantial showing of the denial of a constitutional right ... includes showing that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Petitioner has not demonstrated that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, that the petition should have been resolved in a different manner, or that the issues presented were "adequate to deserve encouragement to proceed further."

**VIII. CONCLUSION**

As discussed above, this Petition is without merit. The state courts reasonably resolved Claims One through Four. Petitioner failed to exhaust Claims Six and Seven, and Petitioner does not object to the Recommendation's resolution of the remaining claims. Accordingly,

///
///
///
///
///
///

The Court **ACCEPTS** the Recommendation of Magistrate Judge Rateau. (Doc. 29).

**IT IS ORDERED** that the Petitioner's Petition is **DENIED**. (Doc. 1 in CV 10-005).

**IT IS FURTHER ORDERED** denying Petitioner a Certificate of Appealability.

DATED this 30th day of August, 2012.

_____
Raner C. Collins
United States District Judge

- 9 -